# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
September 18, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**PATRICK JOHNSON,**
**Claimant Below, Petitioner**

**vs.)    No. 13-0302**  (BOR Appeal No. 2047679)
(Claim No. 2011031436)

**AMFIRE, LLC,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Patrick Johnson, by John H. Shumate Jr., his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Amfire, LLC, by Robert J. Busse, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated February 25, 2013, in which the Board affirmed a September 20, 2012, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's June 10, 2011, decision rejecting Mr. Johnson's application for workers' compensation benefits. It also affirmed the claims administrator's June 10, 2011, separate decision that denied authorization for left shoulder arthroscopic subacromial decompression and mini open rotator cuff repair. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Johnson worked as a maintenance worker for Amfire, LLC when he allegedly injured his shoulders while using a large hydraulic machine to remove large bolts from a shaker screen on February 8, 2011. He continued to work and did not seek treatment for the alleged injury until February 25, 2011, when he was treated by Robert C. Stanley, D.O. Mr. Johnson filed an

1

application requesting workers' compensation benefits for both shoulders on April 11, 2011. He subsequently underwent left shoulder arthroscopy with subacromial decompression and then a right shoulder arthroscopy with subacromial decompression. Paul D. Steinman Jr., D.O., completed an independent medical examination and opined that Mr. Johnson's shoulder problems were not related to a work injury. The claims administrator rejected Mr. Johnson's application for workers' compensation benefits on June 10, 2011, and in a separate decision issued on the same day, it denied authorization for left shoulder arthroscopic subacromial decompression and mini open rotator cuff repair.

The Office of Judges affirmed the claims administrator's decision and held that the preponderance of the evidence does not support that Mr. Johnson sustained an injury to his bilateral shoulders on February 8, 2011, in the course of and as a result of his employment. It further held that Mr. Johnson is not entitled to treatment of the bilateral shoulders under this claim. The Board of Review affirmed the Order of the Office of Judges. On appeal, Mr. Johnson disagrees and asserts that even though he received treatment for his right shoulder from September 26, 2006, through February 13, 2009, he did not receive any medical treatment for right shoulder pain after February 13, 2009, until February 25, 2011, which is approximately two years without any right shoulder treatment. He further argues that no evidence submitted shows he received any treatment for his left shoulder prior to this injury. He asserts that Dr. Steinman did not evaluate him until fourteen months after his work-related injury and that greater weight should be given to Dr. Stanley, his treating physician. Amfire, LLC maintains that Mr. Johnson's failure to report sustaining an injury on February 8, 2011, either to his employer or his treating physician, Dr. Stanley, fully supports the determinations made by the claims administrator, the Office of Judges, and the Board of Review that no compensable injury occurred on February 8, 2011.

The Office of Judges pointed out that Mr. Johnson has a history of shoulder problems prior to the alleged injury as evidenced by Dr. Stanley's treatment notes from 2006 through 2009 for his right shoulder and an x-ray report in 2007 of the right shoulder. Mr. Johnson was treated by Dr. Stanley and John P. Pierson, M.D., but only Dr. Steinman, who completed an independent medical evaluation, concluded whether Mr. Johnson's pain was caused by an occupational injury. Dr. Steinman based his diagnoses on the March 17, 2011, MRI that revealed degenerative changes in the left shoulder and the evidence of chronic rotator cuff injury, partial tear, and tendinosis in the right shoulder. Dr. Steinman concluded that the diagnoses were not caused by the alleged injury of February 8, 2011, based upon three facts. First, Mr. Johnson initially reported right shoulder discomfort to Dr. Stanley on September 26, 2006, and on at least four occasions prior to February 8, 2011. Second, Mr. Johnson continued working after February 8, 2011, and did not seek medical treatment until February 25, 2011. Third, Mr. Johnson has a history of hypothyroidism, which contributes to connective tissue degeneration by weakening the tissue that makes up cartilage and tendon. Dr. Steinman concluded that the left shoulder problems were due to a degenerative process and the right shoulder most likely began in 2005, as a result of chronic traction of the biceps tendon on the superior surface of the glenoid labrum, which was weakened by hypothyroidism. The Office of Judges noted the fact that Mr. Johnson delayed approximately a month in notifying Amfire, LLC of his injury and the fact that he did not mention a work-related injury to Dr. Stanley until April 8, 2011. The Office of Judges

2

concluded that the preponderance of the evidence does not support that Mr. Johnson sustained an injury to his bilateral shoulders on February 8, 2011, in the course of and as the result of his employment.

The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order in its February 25, 2013, decision. There is no physician or medical evidence that connects Mr. Johnson's pain and diagnoses to an occupational injury. This Court agrees with the reasoning and conclusions of the Board of Review. Mr. Johnson has failed to establish that he sustained an injury in the course of and resulting from her employment.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.


**ISSUED: September 18, 2014**

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Margaret L. Workman
Justice Allen H. Loughry II

**DISSENTING:**
Justice Brent D. Benjamin
Justice Menis E. Ketchum